UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**HAROLD MICHAEL MILAM** *et al.*                                            **PLAINTIFFS**

**v.**                                                                      **CIVIL ACTION NO. 1:22-CV-P3-GNS**

**HACK MARCUM** *et al.*                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

  This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. The matter is before the Court for screening of the complaint (DN 1) pursuant to 28 U.S.C. § 1915A and a motion for injunctive relief (DN 6). For the reasons stated below, the Court will dismiss this action and deny the motion for injunctive relief.

**I. § 1915A SCREENING**

**A. Summary of Complaint**

  Plaintiff Harold Michael Milam was formerly incarcerated as a pretrial detainee at Taylor County Detention Center (TCDC).[1,2] He names the following as Defendants – TCDC Jailer Hack Marcum; the Kentucky Jailers Association; the Commonwealth of Kentucky; the Governor of Kentucky; All Kentucky Jailers; All Kentucky County Judge Executives and Members; Unknown Actors/Actresses; and the Kentucky Association of Counties.

  In the "Statement of Claim" section of the complaint form, Plaintiff writes:

> Plaintiff is an inmate at [TCDC]. Plaintiff has not been found guilty. Neither has Plaintiff been ORDERED by a Court Judge to pay the housing cost and medical fees for his stay and Taylor County Jail Hack Marcum Illegally took $25.00 for Medical and $88.29 for Housing . . . . This policy, custom, and/or random act is unlawful and is in violation of [Plaintiff"]s United States Constitutional Right to

---

[1] The docket sheet reflects that Plaintiff was transferred to another jail after he initiated this action.
[2] Plaintiff, a non-attorney, states that he brings this action on behalf of himself and "all similar suited prisoners." However, a party proceeding *pro se* may not represent another party in any action in federal court absent admission to practice law. 28 U.S.C. § 1654; *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002).

Due Process of Law, Kentucky Constitution, and Kentucky Supreme Court Cases . . . ."

As relief, Plaintiff seeks damages.

### B. Legal Standard

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (1997).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*, *USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a

plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### C. Analysis

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The complaint asserts one federal constitutional claim against one Defendant – a claim under the Due Process Clause of the Fourteenth Amendment against Defendant Marcum for taking funds from Plaintiff's inmate account. *In Hudson v. Palmer*, the Supreme Court held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). To assert a constitutional claim for deprivation of property, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44; *see also Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983) (holding that "in § 1983 damage suits claiming the

deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate"). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Thus, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

To the extent that Plaintiff brings state constitutional claims against Defendant Marcum, the Court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c) (3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

## II. MOTION FOR INJUNCTIVE RELIEF

The Court next addresses Plaintiff's "Motion for Expided Proceedings & Require Hack Marcum to Comply" (DN 6). In the motion, Plaintiff states that he is being denied access to a law library and lacks the ability to make copies. He also states that he has been "placed in the hole" and "threatened to be raped and killed once he is put back in the general population . . . ." As relief, Plaintiff asks the Court to order Defendant Marcum to provide certain information Plaintiff needs to file this action, provide Plaintiff access to a law library, and return the money he has taken from Plaintiff's jail trust account.

Both because the Court is dismissing this action and because the record reflects that Plaintiff has been transferred to another jail, **IT IS HEREBY ORDERED** that this motion is **DENIED as moot**. *See, e.g.*, *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

## III. CONCLUSION

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion and Order.

Date: March 16, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant Marcum
     Taylor County Attorney
4416.011